IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

MARK T. CHRISTOPHERSON, )
)
    Petitioner, )
)
v. )   Civil Action No. 3:10CV724–HEH
)
GENE M. JOHNSON, )
)
    Respondent. )

**MEMORANDUM OPINION**
**(Denying § 2254 Petition)**

Mark T. Christopherson, a Virginia inmate proceeding with the assistance of counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Christopherson claims that he received constitutionally ineffective assistance of counsel because his attorney failed to call a police officer to testify at a suppression hearing. Respondent filed a motion to dismiss (Docket No. 4) and a Rule 5 Answer (Docket No. 5). Christopherson did not respond. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

Christopherson sexually abused his eight-year-old daughter over a period of eighteen months. Christopherson photographed and videotaped these acts. After his arrest, Christopherson solicited a fellow inmate to murder Christopherson's wife and burglarize and burn down the sheriff's office. In 2005, Christopherson pleaded guilty in the New Kent County Circuit Court ("Circuit Court") to the aggravated sexual battery and oral sodomy involving his daughter, and solicitation to commit murder for hire involving

his wife. The Circuit Court sentenced Christopherson to an active term of fifty-five years in prison. Christopherson appealed his conviction.

### A. Christopherson's State Appeals

In his petition for appeal to the Court of Appeals of Virginia, Christopherson raised a single ground for relief. Christopherson argued that the Circuit Court erred when it sentenced him in excess of the sentencing guidelines after the Circuit Court, during the plea colloquy, explained that it was very likely that Christopherson would receive a sentence in excess of the sentencing guidelines. Christopherson contended that the colloquy demonstrated the Circuit Court's predisposition to deal with Christopherson in a harsher manner than contemplated by the sentencing guidelines. Petition for Appeal, *Christopherson v. Commonwealth*, No. 2977-05-2 (Va. Ct. App. filed Mar. 3, 2006).

A single Court of Appeals of Virginia judge denied Christopherson's petition for appeal because he did not present his argument to the Circuit Court. *Christopherson*, No. 2977-05-2 (Va. Ct. App. Sept. 14, 2006). The Court of Appeals of Virginia also denied the petition on the merits. Subsequently, a three-judge panel from the Court of Appeals of Virginia denied the petition. *Christopherson*, No. 2977-05-2 (Va. Ct. App. Dec. 18, 2006). The Supreme Court of Virginia granted Christopherson a delayed appeal. *Christopherson v. Dir., Dep't of Corr.*, No. 070822 (Va. Sept. 28, 2007). The Supreme Court of Virginia then summarily refused his petition for appeal. *Christopherson v. Commonwealth*, No. 081042 (Va. Nov. 19, 2008). The Supreme Court of Virginia denied Christopherson's petition for rehearing. *Christopherson*, No. 081042 (Va. Feb. 6, 2009).

## B. Christopherson's State Habeas Proceedings

Christopherson filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. *Christopherson v. Dir., Dep't of Corr.*, No. 100245 (Va. filed Feb. 8, 2010). Christopherson asserted that he did not receive effective assistance of counsel because his trial attorney failed to move for a continuance of the suppression hearing in order to call a Virginia State Trooper as a witness. Christopherson alleged that the trooper would have testified that Christopherson made an unequivocal request for an attorney before making an inculpatory statement to the police. According to Christopherson, if his attorney had moved for a continuance and a motion to suppress the evidence, the motion would have been granted, Christopherson would have pleaded not guilty, and Christopherson would have insisted on going to trial.

On July 12, 2010, the Supreme Court of Virginia dismissed Christopherson's petition pursuant to the rule in *Anderson v. Warden*, 281 S.E.2d 885 (Va. 1981), which holds:

> [T]he truth and accuracy of representations made by an accused as to the adequacy of his court-appointed counsel and the voluntariness of his guilty plea will be considered conclusively established by the trial proceedings, unless the prisoner offers a valid reason why he should be permitted to controvert his prior statements.

*Id.* at 888 (citations omitted).[1]

---

[1] The scope of the *Anderson* rule is unclear, so the Court will not treat it as an independent and adequate state ground for procedural default. *See Burket v. Angelone*, 208 F.3d 172, 184 (4th Cir. 2000).

3

### C.     Christopherson's 28 U.S.C. § 2254 Petition

On October 7, 2010, Christopherson filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. In his petition, Christopherson raises the same claim that he raised in his state habeas petition. Specifically, Christopherson alleges that he was denied the constitutional right to effective assistance of counsel:

> [C]ounsel failed to take the necessary steps to present evidence from Trooper Budjinski, (including failing to subpoena and/or request a continuance to allow the defense to properly subpoena Trooper Budjinski), who would have testified that the Petitioner made a clear and unequivocal request for counsel before making any inculpatory statements. But for counsel's deficient performance, the motion to suppress the Petitioner's inculpatory statements would have been granted. The Petitioner would not have entered the guilty pleas but would have pleaded not guilty and insisted on going to trial.

(§ 2254 Pet. 11 (emphasis omitted).) Respondent has moved to dismiss this claim on the ground that it lacks merit.

## II. ANALYSIS

### A.     Ineffective Assistance of Counsel

To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). To satisfy the prejudice aspect of *Strickland*, the defendant

4

must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A petitioner's assertion that he would have pled not guilty but for counsel's alleged error is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry, *see Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (quoting *Hill*, 474 U.S. at 59–60).

B. **Relevant Factual History**

On February 16, 2005, at approximately 4:00 a.m., a magistrate issued a search warrant permitting the police to search Christopherson's residence for evidence of child pornography and forcible sodomy on a minor. Mot. Supp. ¶ 2, *Commonwealth v. Christopherson*, No. CR05000085 (Va. Cir. Ct. filed June 21, 2005). Shortly thereafter, four police officers executed the warrant: Detective Hamby, Detective Wiggins, Deputy

5

Anthony, and Trooper Budjinski.[2] The officers awakened Christopherson and questioned him regarding his crimes. At 6:12 a.m., Christopherson admitted his commission of the crimes. *Id.* ¶ 9.

Christopherson filed a motion to suppress his inculpatory statements on the ground that he had unequivocally requested to speak with his attorney but that the police officers refused to allow him to speak with one. The Circuit Court held a suppression hearing on, *inter alia*, the issue of whether the police violated Christopherson's *Miranda* rights[3] when they continued to question him after he requested to speak with an attorney.

### C.     The Suppression Hearing

At the suppression hearing, three of the four police officers present testified. The fourth officer, Trooper Budjinski, was not present at the hearing. Christopherson's § 2254 petition concerns his attorney's ineffectiveness for failing to call Budjinski as a witness. To put this argument in context, however, a summary of the relevant testimony at the suppression hearing follows.

At the suppression hearing, Christopherson testified that he unequivocally requested to speak with an attorney. (June 29, 2005 Tr. Vol. I, at 98.) Specifically, Christopherson explained that after the police Mirandized him, he said, "I want counsel" (*id.* at 97–98), or "I want a lawyer" (*id.* at 102). Nevertheless, the police continued to ask

---

[2] Hamby, Wiggins, and Anthony arrived first. Budjinski arrived about one minute later. (June 29, 2005 Tr. Vol. I, at 151–52.)

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Christopherson questions. The police audio-recorded the questioning after he requested to speak with an attorney.[4] After about forty-five minutes, Christopherson made inculpatory statements. (*Id.* at 100.)

According to Detective Hamby, Christopherson said "something to the effect of I might want to consult an attorney." (*Id.* at 126.) Detective Hamby "perceived it as a form of a question rather than a statement." (*Id.*) According to Detective Wiggins, Christopherson said, "Okay, I might want to consult my attorney."[5] (*Id.* at 156.) According to Deputy Anthony, Christopherson made a comment, directed at nobody in particular, "to the effect of maybe I should consult my attorney or maybe I should talk to an attorney or something like that." (June 29, 2005 Tr. Vol. II, at 7.)

The Court determined that Christopherson was not telling the truth when he testified that he made an unequivocal request for an attorney. (*Id.* at 25.) The Court explained that Christopherson was an intelligent person who knew the routine of being questioned by police based on his previous experiences. The Court noted that Christopherson stopped the tape recording to ask questions off the record and then resumed with the recorded interview. The Court also explained that it believed and accepted the testimony of the three officers. Their statements were not identical and were

---

[4] The tape recording, therefore, did not contain any reference to Christopherson requesting an attorney. (*Id.* at 104.)

[5] Wiggins made notes of this request in his police report, which was prepared "on the 29th." (June 29, 2005 Tr. Vol. I, at 155.) Wiggins, however, did not know the exact words Christopherson used. (*Id.* at 159.)

not rehearsed. (*Id.*) Ultimately, the Court determined that Christopherson waived his *Miranda* rights, did not unequivocally request an attorney, and freely and voluntarily confessed to the crimes. *See Davis v. United States*, 512 U.S. 452, 459 (1994) (requiring a suspect's request for counsel to be unambiguous).

### D. McKeen's Notes

Christopherson's attorney, Jean McKeen, telephoned the fourth police officer, Budjinski, the day before the suppression hearing. (§ 2254 Pet. ¶ 39.) Christopherson submitted McKeen's typewritten notes from that telephone conversation. The document which Christopherson submitted reads in pertinent part:

> Detective Wiggins was talking to him about his options- being a federal or state case
> giving him his option of
> he said then he wished to talk to an attorney
>     About an hour after he got there

Petition for a Writ of Habeas Corpus Ex. 1, *Christopherson v. Dir., Dep't of Corr.*, No. 100245 (Va. filed Feb. 8, 2010). Based on these notes, Christopherson suggests that McKeen was ineffective for failing to call Budjinski to testify at the suppression hearing and that Budjinski would have testified that Christopherson made an unequivocal request to speak with an attorney.

Respondent submitted an affidavit from McKeen. McKeen states:

> [Christopherson's] Exhibit reflects the same as my conservation [sic] with Trooper Budjinski saved on my computer on 06/28/05 and the "log" file it was pasted in on my computer with the exception that one line of text was missing. This 1 missing like of text was placed under the section "he said then he

8

wished to talk to an attorney" and this missing line of text was as follows: "I might want an attorney to talk to about" The next line of text is then the same as is record in [Christopherson's] Exhibit 1, which states "About an hour after he got there".

Motion to Dismiss Ex. 1 ("McKeen Aff.") ¶ 2, *Christopherson*, No. 100245 (Va. filed Mar. 2, 2010). Respondent provided a copy of McKeen's version of Christopherson's exhibit. It reads in pertinent part:

> Detective Wiggins was talking to him about his options- being a federal or state case
> giving him his option of
> he said then he wished to talk to an attorney about
>   I might want an attorney to talk to about
>   About an hour after he got there

McKeen Aff. Attach.[6] When McKeen's version of the document was submitted during state habeas proceedings, Christopherson filed a reply. In his reply, Christopherson explains that the exhibit he submitted "appears to be an earlier version of [McKeen's] Exhibit." Reply ¶ 6, *Christopherson*, No. 100245 (Va. filed Mar. 15, 2010); (*see* § 2254 Pet. ¶ 54). Christopherson's state habeas attorney "has no knowledge of any document being altered in any fashion." Reply ¶ 6, *Christopherson*, No. 100245 (Va. filed Mar. 15, 2010); (*see* § 2254 Pet. ¶ 54).[7]

---

[6] McKeen's affidavit shows that her own recollection of this conversation was that Budjinski said that Christopherson said, "'I might want an attorney to talk to about.'" McKeen Aff. ¶ 3. This was one reason McKeen did not call Budjinski as a witness at the suppression hearing. McKeen Aff. ¶ 4.

[7] Respondent states that McKeen's notes from that conversation were saved in two documents saved on different dates. (Br. Supp. Mot. Dismiss 17.) It is unclear to the Court why McKeen saved two documents on two different dates with the only apparent addition being the line of text in question.

9

### E.    Conclusion

The Court need not determine whether any party tampered with the evidence submitted to the Court. The trial judge made a factual finding, at the suppression hearing, that (1) Christopherson was "not telling the truth"[8] (June 29, 2005 Tr. Vol. II, at 25), (2) he understood his rights, (3) he waived those rights, and (4) the closest statement he made regarding an attorney was, "[M]aybe I should talk to a lawyer." (June 29, 2005 Tr. Vol. II, at 26.) These factual findings are "presumed to be correct." 28 U.S.C. § 2254(e)(1). Christopherson must rebut this presumption by clear and convincing evidence. *Id.*

Christopherson has not done so. The closest he has come is by submitting his attorney's note which is a short-hand reflection of what Budjinski said that Christopherson said. Even absent the issue regarding the genuineness of the document Christopherson submitted, such a tenuous assertion does not amount to "clear and

---

[8] The trial court's suspicion regarding Christopherson's veracity was not misplaced. After he pleaded guilty to sexual battery and oral sodomy involving his eight-year-old daughter, Christopherson wrote a letter to his Court of Appeals of Virginia appellate attorney. In that letter, Christopherson stated:

> Remember I said that I can physically prove I'm not the man in that video? I don't know if you watched it or not. Did you pay attention to any scars on the guy? There were none! That's funny? I ha[ve] a burn scar on my left thigh! If I were the man in that video you would be able to plainly se[e] the scar had I been in that disgusting video.
> Everything I said is False! And now you know i[t.] They threatened me, my kids and my mom. The confes[sion] even starts out with a lie. Everything I said conce[rning] my daughter was and is a lie!! and I can prove it.

Mot. Dismiss Ex. Q, *Christopherson*, No. 100245 (Va. filed Mar. 2, 2010) (emphasis omitted).

convincing evidence." 28 U.S.C. § 2254(e)(1).[9] Christopherson has not rebutted the presumption that the state court's factual finding is correct. Specifically, Christopherson cannot demonstrate that he would have prevailed at the suppression hearing had counsel moved for a continuance. Moreover, given counsel's recollection of Trooper Budjinski's version of Christopherson's ambiguous request for counsel, Christopherson cannot demonstrate that his attorney acted deficiently. Christopherson's claim will be dismissed. Respondent's motion to dismiss will be granted. Christopherson's petition for a writ of habeas corpus will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S.

---

[9] Christopherson has not provided an affidavit from Trooper Budjinski. During state habeas proceedings, Christopherson's attorney argued, "During a habeas investigation, the Petitioner cannot force any person to answer questions, much less supply an affidavit." Reply ¶ 7, *Christopherson*, No. 100245 (Va. filed Mar. 15, 2010). Christopherson's attorney neglected to cite the Rules of the Supreme Court of Virginia, which provide that the habeas court may grant limited discovery in habeas proceedings, provided a petitioner secures leave of court. Va. Sup. Ct. R. 4:1(b)(5). Christopherson's attorney also declined to proceed with the discovery procedure provided in federal court. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts.

11

473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Christopherson is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

                                      /s/
                              Henry E. Hudson
                              United States District Judge

Date: Aug 12 2011
Richmond, Virginia